IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:22-cr-00238-IM |
| v. | **OPINION AND ORDER DENYING MOTION TO SUPPRESS** |
| **JOSHAN ROHANI**, | |
| Defendant. | |

Gary Y. Sussman and Mira Chernick, Assistant United States Attorneys, and Natalie K. Wight, United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204.

Anna Belesiotis and Ryan Costello, Assistant Federal Public Defenders, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

The Government has charged Defendant Joshan Rohani with one count each of possessing, accessing, and distributing child pornography, as well as three counts of transporting child pornography. The charges arose after the Government identified internet protocol (IP) address logs, an email account, and payment information that linked Defendant to an account in an online chatroom dedicated to sharing child pornography files. The Government executed a search warrant at Defendant's residence and seized fifty-two devices, including an iPhone and an

PAGE 1 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

iPad. Law enforcement identified contraband on several devices, but could not examine the iPad, which was passcode-protected, or the iPhone, which would not power on. The Government retained the iPad and iPhone for over a year. Eventually, with the assistance of a digital forensics expert who had not previously been involved in the investigation, the Government was able to repair the iPhone and power it on. The Government then applied for, and received, a new search warrant. Pursuant to this authority, agents searched the iPhone and—thanks to intervening developments in digital forensics tools—the iPad.

Defendant now moves to suppress the fruits of the search of the iPhone and iPad, arguing that the Government's efforts to repair the iPhone constituted an unconstitutional search, and that its prolonged retention of the iPhone and iPad constitutes an unconstitutional seizure. Motion to Suppress ("Mot."), ECF 106. This Court denies the request for an evidentiary hearing both as untimely and because Defendant has failed to make a substantial showing that he is entitled to an evidentiary hearing. *Franks v. Delaware*, 438 U.S. 154 (1978). For the reasons stated below, the motion is denied.

**STANDARDS**

Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. Unless an exception or good faith applies, the exclusionary rule prevents unlawfully obtained evidence from being introduced at trial against the person whose Fourth Amendment rights were violated. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. *Simmons v. United States*, 390 U.S. 377, 389–90 (1968).

## BACKGROUND

In May 2022, Homeland Security Investigations Special Agent Rachel Kessler applied for a search warrant to search Defendant and his residence and seize his digital devices. *See* Application for Warrant, ECF 32-1; Warrant, ECF 32-4. The details of the search are set out in this Court's order denying Defendant's first two motions to suppress. ECF 58. As relevant to this motion, federal agents searched Defendant's residence on May 24, 2022, and seized fifty-two digital devices, *id.* at 6, including an iPhone 6 and an iPad.

The warrant authorized law enforcement to "perform an initial search" of any digital devices seized pursuant to the warrant "within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant." ECF 32-4 at 9. If the Government needed additional time to determine whether a digital device was responsive to the warrant, the Government was permitted to "seek an extension of the time period from the Court within the original 120-day period." *Id.* at 10. The warrant required law enforcement to "complete the search of the digital device . . . within 180 days." *Id.*

Although agents accessed several of Defendant's devices, they were unable to search the iPhone 6 or the iPad within that period. The iPhone was inoperable and would not power on, while the iPad was passcode-protected. Mot., ECF 106, Ex. C at 12. The initial 120-day period elapsed on September 12, 2022. *Id.* at 13. The Government retained possession of the devices, *id.*, but did not attempt to examine them. Mot., ECF 106, Ex. B at 4. Instead, the Government moved for a 180-day extension, which was granted on January 13, 2023. ECF 38-6. That order provided that the Government "shall have 180 days from the date of this Order to complete the searches and forensic analyses of the digital devices." *Id.* That 180-day period expired on July 12, 2023.

PAGE 3 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

At that time, law enforcement had still been unable to search the iPad and the iPhone 6. The Government retained possession of the devices and, on September 12, 2024, sent the iPhone 6 to a partner forensic laboratory. Mot., ECF 106, Ex. C at 13. Detective Sheldon Clay, an HSI Task Force Officer at that laboratory was able to repair the iPhone 6 by replacing its circuit board and re-flashing the device's firmware. Mot., ECF 106, Ex. D at 2. At that time, Detective Clay also determined that new forensic software was likely able to bypass the iPad's passcode. *Id.* The next day, the Government sought and obtained a new search warrant to search the iPhone and iPad. *Id.* Pursuant to that warrant, Detective Clay successfully extracted files from both devices. *Id.* at 2–3. Defendant now moves to suppress those files as the fruit of an illegal search and seizure. Mot., ECF 106.

## DISCUSSION

Defendant argues that when law enforcement reconstructed the iPhone 6 in an effort to power it on, they engaged in a warrantless search in violation of the Fourth Amendment. He also argues that the Government's prolonged retention of the devices violated the Fourth Amendment's prohibition on unreasonable seizures. This Court addresses these arguments in turn. First, this Court concludes that efforts to rebuild the phone to enable it to be searched were not a "search" within the meaning of the Fourth Amendment. Second, this Court concludes that the Government did not unreasonably delay in searching the devices. Even if there was an unlawful search or seizure, the Government's good faith would preclude application of the exclusionary rule. This Court accordingly denies Defendant's motion to suppress, and, because Defendant did not make the requisite showing, his request for an evidentiary hearing.

### A.  Search of the iPhone

Defendant argues that law enforcement unlawfully searched his phone by disassembling it, reconstructing it, and installing new firmware before obtaining a warrant to search the phone.

PAGE 4 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

Defendant analogizes this case to *United States v. Sam*, an unpublished case from the Western District of Washington in which that court concluded that officers "physically intruded on," and thus searched a phone, when they powered it on to take a photo of the lock screen. No. CR19-0115, 2020 WL 2705415, at *2 (W.D. Wash. May 18, 2020). Defendant argues that, like the officers in *Sam*, the officers in this case unlawfully physically intruded into his phone or violated his reasonable expectation of privacy in his phone without a warrant. Defendant also analogizes to *Florida v. Jardines*, 569 U.S. 1 (2013) where the Supreme Court held that the government's use of trained police dogs to investigate the curtilage of a home was a search. Defendant's Reply to Government's Response to Motion to Suppress ("Reply"), ECF 133 at 2–3. Defendant argues that *Jardines* establishes that any warrantless physical intrusion or trespass by law enforcement onto a constitutionally protected area to learn information is an unconstitutional search. *Id.*

Defendant's argument is unavailing because none of the activities he describes with respect to the iPhone 6 constitute a "search" within the meaning of the Fourth Amendment. A search must be "done for the express purpose of obtaining information." *United States v. Dixon*, 984 F.3d 814, 820 (9th Cir. 2020). In *Sam*, *Dixon*, and the other cases Defendant relies on, the government's action led directly to the discovery of information relevant to the case. In *Sam*, powering on the phone let officers discover a name that appeared on the phone's lock screen. 2020 WL 2705415, at *1. In *Dixon*, inserting a key into a vehicle's lock allowed officers "to learn whether [the defendant] exercised control over the minivan." 984 F.3d at 820. And in *Jardines*, the canine sniff search alerted police to the presence of drugs within the home. 569 U.S. at 3–4.

Here, by contrast, the officers' actions were not undertaken to obtain information. They were simply done to see if they could make the phone work, so that it could later be searched

PAGE 5 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

pursuant to a warrant. Law enforcement did not obtain any information by disassembling the phone, replacing the circuit board, booting it up in recovery mode, or re-flashing the firmware. The only possible thing Detective Clay could have learned was that the phone was inoperable, which the Government already knew. In order to obtain the information contained on the phone—data confirming that Defendant owned the phone, whether the phone contained any contraband, and evidence of Defendant's internet use—the officers here, unlike in *Dixon*, *Sam*, and *Jardines*, had to take additional steps. The officers' preliminary steps to render the phone functional did not independently produce any information.

Taking such preliminary steps to attempt to power up a phone is distinct from using electronic tools to download the contents of devices, allowing the Government to pierce some "privacies regarding the [devices]," which may constitute a search. *See United States v. Kopankov*, 672 F. Supp. 3d 862, 867 (N.D. Cal. 2023); *see also United States v. Salazar*, 598 F. App'x 490, 491 (9th Cir. 2015) (defining the "search" of a phone as "the download of [its] electronic data"). But Defendant does not dispute that the Government obtained a search warrant before it extracted the devices' contents. The preliminary steps of determining whether the devices could be searched were not done for the purpose of obtaining information, and therefore do not constitute a search. Defendant's phone was not "searched" within the meaning of the Fourth Amendment until agents unlocked the phone and extracted its files, for which the Government had obtained a warrant.

## B. Seizure of the Devices

Defendant next argues that the Government improperly retained his devices and unreasonably delayed in applying for a warrant to search the devices. Mot., ECF 106 at 11–15. This Court concludes that any delay was reasonable. Defendant's possessory interest in the devices was marginal, particularly after his conditions of release were modified to prohibit him

PAGE 6 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

from possessing smartphones or tablets. The Government's interest in retaining the devices, by contrast, was significant, outweighing Defendant's minimal possessory interest. Furthermore, the Defendant never requested that the iPhone 6 or the iPad at issue be returned.

### 1.  Application of the "Unreasonable Delay" Doctrine

The Government first argues that the "unreasonable delay" doctrine applies only to warrantless seizures, not to evidence seized pursuant to a warrant. Resp., ECF 122 at 11. Other circuits have concluded that the retention of property seized pursuant to a lawful warrant may only violate the Due Process Clause of the Fourteenth Amendment, not the Fourth Amendment. *See, e.g.*, *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) (holding that "the Fourth Amendment protects an individual's interest in retaining possession of property but not the interest in regaining possession of property"); *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003) (holding that the Fourth Amendment "cannot be invoked by the dispossessed owner to regain his property").

Although the Ninth Circuit has sometimes analyzed seizures under the Due Process Clause, *see, e.g.*, *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1029–32 (9th Cir. 2012) (analyzing the seizure and destruction of property under both amendments), it has also recognized that "the Fourth Amendment protects [a party's] interests in possessing property that has been validly seized." *Sandoval v. Cnty. of Sonoma*, 72 F. Supp. 3d 997, 1003 (N.D. Cal. 2014), *aff'd*, 912 F.3d 509 (9th Cir. 2018); *see also Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017). The government may violate the Fourth Amendment when it indefinitely retains an individual's property, even if it seized that property pursuant to a valid warrant. *See United States v. Aldaz*, 921 F.2d 227, 229 (9th Cir. 1990) ("[E]ven if the initial seizure . . . is valid, a continued detention could at some point become an unreasonable seizure within the meaning of the Fourth Amendment."); *see also Lindell v. United States*, 82 F.4th 614, 621 (8th Cir. 2023)

PAGE 7 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

(noting that the government's "continued retention" of a "phone and all its data raises constitutional issues distinct from the lawfulness of the search warrant or its execution" and implicates the Fourth Amendment).

The Government points out that *Sandoval* involved a warrantless seizure, while *Lindell* involved a motion to return property rather than a motion to suppress. Resp., ECF 122 at 12 n.1. There may be good reason to treat suppression of evidence seized pursuant to a lawful warrant differently than a motion to suppress under a warrantless seizure or a motion to return property. But this Court need not address this issue because it concludes that, in any event, the Government did not unreasonably delay in obtaining a warrant and searching the devices.

### 2. Unreasonable Delay

Unreasonable delay between the seizure of property and securing a search warrant may violate an individual's Fourth Amendment rights. *See United States v. Jacobsen*, 466 U.S. 109, 124 (1984). "The touchstone is reasonableness," evaluated in light of the facts and circumstances of each case. *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015). Relevant factors include (1) "the length of the delay," (2) "the importance of the seized property to the defendant," (3) "whether the defendant had a reduced property interest in the seized items," and (4) "the strength of the [government's] justification for the delay." *United States v. Smith*, 967 F.3d 198, 206 (2d Cir. 2020). This Court concludes that the delay here was reasonable in light of both Defendant's minimal possessory interest in the devices and the Government's strong justification for the delay.

The delay was admittedly lengthy; over a year elapsed between the expiration of the extension on July 12, 2023, and when law enforcement obtained another warrant and searched the devices in September 2024. But there is "no established upper limit as to when the government must review seized electronic data to determine whether the evidence seized falls

PAGE 8 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

within the scope of a warrant," *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012), and the Ninth Circuit has recognized that electronic searches "may take longer than traditional searches" given the complexity of the analysis involved, *United States v. Ivers*, 430 F. App'x 573, 575 (9th Cir. 2011). Courts have accordingly upheld searches involving similar delays. *See, e.g.*, *United States v. Christie*, 717 F.3d 1156, 1167 (10th Cir. 2013) (finding no Fourth Amendment violation when computer search was executed five months after consent was given and when a second, more thorough search was performed three years after securing custody of the computer); *United States v. Gregoire*, 638 F.3d 962, 968 (8th Cir. 2011) (finding no Fourth Amendment violation in one-year delay in searching laptop after seizure); *United States v. Jarman*, 847 F.3d 259, 266–67 (5th Cir. 2017) (finding no Fourth Amendment violation in 23-month delay in searching computer data).

This Court next finds that the intrusion on Defendant's possessory interest in the devices was minimal. First, while an individual doubtlessly has a strong possessory interest in their primary cell phone, *see Riley v. California*, 573 U.S. 373, 385 (2014), the possessory interest in a broken and inoperable cell phone, which is not "a pervasive and insistent part of [one's] daily life" like a functioning phone, is more limited. Here, Defendant's iPhone 6 was inoperable, requiring digital forensic tools to repair it. Second, the limited nature of Defendant's interest is underscored by the fact that he never requested the return of these devices. *See United States v. Sullivan*, 797 F.3d 623, 634 (9th Cir. 2015) ("[A]n individual who . . . 'never sought return of the property' has not made a sufficient showing that the delay was unreasonable" (quoting *United States v. Johns*, 469 U.S. 478, 487 (1985)); *United States v. Stabile*, 633 F.3d 219, 235–6 (3d Cir. 2011) (holding that defendant's possessory interest in a computer was not implicated when he did not seek to recover it). Defendant does not assert that he sought the return of his iPhone 6 or

iPad at any point, that he was prejudiced in any manner by the delay, or that the probable cause underlying the initial warrant became stale at any point.

Moreover, Defendant's possessory interest was limited by the conditions of his pre-trial release. The fact that a defendant "cannot make use of [the] seized property" means his possessory interest is "significantly diminishe[d]." *Sullivan*, 797 F.3d at 633; *see also Segura v. United States*, 468 U.S. 796, 813 (1984). Defendant was initially required to allow electronic monitoring of his devices as a condition of pre-trial release; after he repeatedly refused, he was prohibited in March 2024 from possessing smartphones and tablets altogether. ECF 78. Although Defendant's motion makes much of the "prolonged twenty-seven month[]" seizure of his devices, Mot., ECF 106 at 11, Defendant could only have actually made use of the seized devices for a fraction of that period.

Finally, the Government presents a strong justification for the delay. *See United States v. Place*, 462 U.S. 696, 703–04 (1983). The fact that the initial seizure was pursuant to a lawful warrant, while not definitive, weighs in the Government's favor. *See United States v. Jobe*, 933 F.3d 1074, 1079–80 (9th Cir. 2019); *United States v. Burgard*, 675 F.3d 1029, 1033 (7th Cir. 2012) ("[T]he Fourth Amendment will tolerate greater delays after probable-cause seizures."); *see also* Order, ECF 58 (concluding initial seizure was lawful). And the Government had a strong interest in retaining the devices because Defendant had been charged with various child pornography offenses and law enforcement discovered evidence of these offenses on Defendant's other devices. *See* Mot., ECF 106, Ex. C at 11–12. The Government thus had a reasonable basis for retaining the iPhone and iPad "based on the likelihood that [they] contained evidence" related to those charges. *Sullivan*, 797 F.3d at 634. This is not a case where the Government seized devices and failed to diligently investigate them; rather, technical limitations

prevented the Government from searching these devices before they sought assistance from another agency. *See id.* at 634–35 (concluding delay was reasonable when assistance from another agency was required).

Given Defendant's limited possessory interest in the devices, the conditions of his pre-trial release, and the Government's strong interest in retaining and searching the devices for evidence of crimes, this Court finds the Government's conduct was reasonable under the totality of the circumstances and will not exclude the evidence.

## C. Good Faith

Even if the Government's retention and repair of the devices was an unlawful search or seizure, suppression is inappropriate because the Government acted in good faith. When the government conducts an unconstitutional search or seizure in "good faith" or on "objectively reasonable reliance," the exclusionary rule does not apply. *United States v. Camou*, 773 F.3d 932, 944–45 (9th Cir. 2014) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). This is because "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct." *Herring v. United States*, 555 U.S. 135, 144 (2009). Negligent government conduct is ordinarily insufficient to trigger exclusion. *Id.* at 145. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922, n. 23. The government bears the burden of demonstrating good faith. *United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995).

The Government's conduct was reasonable in light of all of the circumstances. The Government seized Defendant's devices pursuant to a valid warrant, which conditioned the return of the devices to Defendant on the Government's search of the devices and confirmation that they were clear of contraband. ECF 106-1, Ex. A at 10. The Government kept the devices

PAGE 11 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

only to determine if they could be repaired or accessed and later searched. Neither Detective

Clay's repair of the iPhone 6 nor his determination that the passcode on the iPad could likely be

bypassed revealed any personal information contained in either device. Once Detective Clay

repaired the iPhone, he looked no further until the Government obtained a second search warrant.

Defendant argues that good faith does not apply because "1) the case law prohibiting

physical intrusion into constitutionally protected areas without a search warrant is established

case law, and 2) the government knew it needed to comply with the search restrictions in

Attachment B of the original search warrant." Reply, ECF 133 at 5. To Defendant's first

argument, he has not cited a single case stating that repairing lawfully seized devices to render

them searchable—while not revealing any of the contents on the devices—is such a clear Fourth

Amendment violation that Detective Clay's conduct was objectively unreasonable. Since this

was not "the governing law at the time," *cf. Camou*, 773 F.3d at 944–45, Detective Clay's

conduct cannot be considered "sufficiently deliberate that exclusion can meaningfully deter it"

nor "sufficiently culpable that such deterrence is worth the price paid by the justice system."

*Herring*, 555 U.S. at 144.

To Defendant's second argument, the Government substantially complied with the search

warrant restrictions. As explained above, the Government's delay in seeking to repair the iPhone

6 and access the iPad was reasonable. And once Detective Clay repaired the iPhone 6 and

determined that the iPad could likely be searched, he contacted another agent, who obtained a

second search warrant before either device was searched. Detective Clay's good faith would

preclude this Court from applying the exclusionary rule.

**D.  Rule 41**

Defendant moves in the alternative to suppress pursuant to Federal Rule of Criminal

Procedure 41. Suppression is justified to remedy a Rule 41 violation only if (1) the violation rises

to a "constitutional magnitude," (2) the defendant was prejudiced, or (3) officers acted in "intentional and deliberate disregard" of a provision of the Rule. *United States v. Williamson*, 439 F.3d 1125, 1133 (9th Cir. 2006). As discussed above, Defendant fails to demonstrate a Fourth Amendment violation, so any alleged violation is not of constitutional magnitude. Defendant also has not demonstrated that he was prejudiced by any violation and points to no evidence that would suggest deliberate disregard of any provision of the Rule.

### E.  Evidentiary Hearing

At the pretrial conference held on November 15, 2024, this Court allowed brief oral argument on the instant motion to suppress. ECF 127. During oral argument, defense counsel for the first time requested an evidentiary hearing on the motion to suppress to cross-examine Detective Sheldon Clay, the officer who repaired the iPhone 6, on the technology he used, how he went through the re-flashing process, and what he saw. *Id.* The Government opposed an evidentiary hearing. *Id.* This Court questioned whether Defendant had a right to a hearing, and initially scheduled an evidentiary hearing for November 20, 2024. *Id.* Upon further review, this Court determined Defendant had not made a sufficient showing under *Franks v. Delaware*, 438 U.S. 154 (1978) that an evidentiary hearing on the motion to suppress was warranted, and that the request was untimely. *See* ECF 131, ECF 133-1, Ex. E. Nevertheless, at the November 20, 2024, hearing,[1] this Court stated that defense counsel could address any argument for an evidentiary hearing on reply. ECF 131.

---

[1] Defense counsel requested that in accordance with *United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) and *Old Chief v. United States*, 519 U.S. 172 (1997), this Court review the Government's proposed exhibits containing child pornography to determine whether their probative value was substantially outweighed by a danger of undue prejudice or needlessly presenting cumulative evidence under Federal Rule of Evidence 403. Defendant's Motions in Limine, ECF 103 at 16–22. This Court used the time initially set aside for an evidentiary hearing on the motion to suppress to instead review the exhibits. *See* ECF 131; 133-1, Ex. E.

On November 22, 2024, Defendant filed a reply. ECF 133. He argues he provided a sufficient basis for an evidentiary hearing on the motion to suppress, which "need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id.* at 10 (citing *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)). Defendant's basis appears to be his contention that Detective Clay's report leaves out details about the version of firmware he used, the tools and programming he used to re-flash the iPhone 6, what led him to determine that he could fix the phone, what the Apple iPhone recovery modes presented, and what the phone's home screen looked like. *Id.* Defendant argues this Court's denial of an evidentiary hearing violates his "Fourth Amendment rights and due process rights." *Id.*

As stated above, this Court initially expressed its inclination not to allow an evidentiary hearing because Defendant had not made the requisite showing under *Franks*. Defendant's argument on reply implies that the appropriate standard for evaluating his evidentiary hearing request is instead the standard set forth in *Howell*. Defendant does not make a sufficient showing under either standard.

A defendant must make a requisite showing under *Franks* when he alleges a misrepresentation in a warrant affidavit. 438 U.S. at 161. To obtain a *Franks* hearing, a defendant must make a "substantial preliminary showing" that (1) a "false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id.* at 154–56. Defendant appears to challenge whether Detective Clay learned anything in repairing the iPhone 6, including whether he viewed the phone's home screen. *See* Reply, ECF 133 at 10. The other agent's application for the second search warrant was supported by an

affidavit in which he described the iPhone 6 repair and stated that "the contents of [the iPhone 6] ha[d] not been extracted or examined." *See* Affidavit of Clinton Lindsly ("Lindsly Aff.") ECF 106-1, Ex. C at 13. While Defendant does not directly challenge the veracity of Agent Lindsly's affidavit, he appears to challenge the representation that Detective Clay did not learn anything from the iPhone 6 while repairing it. To that end, Defendant has not "ma[d]e specific allegations" or "allege[d] a deliberate falsehood or reckless disregard for truth" accompanied by "a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008).

Even if *Franks* does not apply, Defendant still must allege specific facts to allow this Court to conclude that contested issues of fact exist, such that an evidentiary hearing is warranted. *See Howell*, 231 F.3d at 620. Defendant has not done so. Defendant argues his "presentation of [the] motion to suppress" and the attached report by Detective Clay provided "sufficient clarity and specificity to know that contested facts exist." Reply, ECF 133 at 10. As stated above, Defendant did not request an evidentiary hearing until November 15, 2024, during the pretrial conference, after he filed the instant motion to suppress on October 25, 2024. *See* ECF 127; 106. Thus, the only facts raised in Defendant's "moving papers" are on reply.

In his reply, Defendant lists details he argues are omitted from Detective Clay's report. Reply, ECF 133 at 10. But the absence of specific details in Detective Clay's report are not specific facts that show there is a contested issue of fact meriting an evidentiary hearing. The only detail Defendant raises that could be material to his motion to suppress is what was on the iPhone 6 home screen, but Detective Clay's report indicates he did not look at it,[2] and Agent

---

[2] In his report, Detective Clay states he "only reassembled the device to a condition sufficient to make the device function." ECF 106-1, Ex. D at 2. A soon as the phone was functional, he notified Agent Lindsly who then obtained a second search warrant to search the phone. *Id.*

PAGE 15 – OPINION AND ORDER DENYING MOTION TO SUPPRESS

Lindly's sworn affidavit states that the Government learned nothing about the iPhone during Detective Clay's repair process.[3] *Cf. Sam*, 2020 WL 2705415, at *1–2. Defendant has alleged no specific contradictory facts that would allow this Court to conclude that contested issues of fact exist.

While a defendant has a right to an evidentiary hearing when he makes a proper factual showing, "[a] hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one." *Howell*, 231 F.3d at 621 (quoting *United States v. Harris*, 914 F.2d 927 (7th Cir. 1990)). Neither Defendant's Fourth Amendment nor Due Process rights were violated in the denial of an evidentiary hearing because he did not make the requisite factual showing that a hearing was warranted.

**CONCLUSION**

Defendant's Motion to Suppress, ECF 106, is DENIED.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[3] ECF 106-1, Ex. C at 13 (testifying that "the contents of [the iPhone 6] have not been extracted or examined").